**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TERRY S. BRAXTON,

                                Plaintiff,

       - v -                                                Civ. No. 9:05-CV-191
                                                         (TJM/RFT)

JAMES T. CONWAY, *Superintendent,*

                                Defendants.

**APPEARANCES:**                                   **OF COUNSEL:**

TERRY S. BRAXTON
Petitioner, *Pro Se*
02-B-1237
Groveland Correctional Facility
7000 Sonyea Road
Sonyea, N.Y. 14556

HON. ANDREW M. CUOMO                        ASHLYN H. DANNELLY, ESQ.
Attorney General for the State of New York      Assistant Attorney General
Attorney for Respondent
The Capitol                                              LUKE MARTLAND, ESQ.
Albany, NY 12224                                    Assistant Attorney General

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

On June 10, 2002, *pro se* Petitioner Terry Braxton pled guilty to one count of attempted burglary in the first degree in New York State Supreme Court, Onondaga County. State Ct. R. on Appeal, (hereinafter "R."), Plea Hr'g Tr., dated May 16, 2002, at pp. 6-11 (hereinafter "Plea Hr'g Tr."). As part of the plea bargain, Petitioner signed a waiver form specifically relinquishing his right to file an appeal. R., App. at A10. On that same date, the Honorable John J. Brunetti, New York Supreme Court Judge, sentenced Petitioner to a determinate term of ten years incarceration. R.,

Sentencing Tr., dated June 10, 2002, at p. 5 (hereinafter "Sentencing Tr.").

Petitioner brings this Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 on the grounds that (1) the appeal waiver included in his plea bargain was against public policy; (2) his guilty plea was not made knowingly, voluntarily, and intelligently; and (3) the sentence imposed against him was unduly harsh and excessive.[1]  Dkt. No. 3, Am. Pet.  For the reasons that follow, it is recommended that the Petition be **denied**.

## II. DISCUSSION

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996)  ("AEDPA"), a federal court may not grant *habeas* relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either

> 1) resulted in a decision that was contrary to, or involved an unreasonable application, of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Hawkins v. Costello*, 460 F.3d 238 (2d Cir. 2006); *DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Miranda v. Bennett*, 322 F.3d 171, 177-78 (2d Cir. 2003); *Boyette v. Lefevre,* 246 F.3d 76, 88 (2d Cir. 2001).

The petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234679,

---

[1] With respect to Braxton's second claim, he states in his Petition that "Petitioner does not present Plea Was Not Knowingly, Voluntarily and Intelligently Made as Ground Two," and that  "[o]nly Ground One [is] raise[d] in the petition."  Pet. at p. 6.  Similarly, with respect to his third claim, Petitioner states that his "habeas petition presents only the fully exhausted ground."  *Id*. at p. 8.  Thus, it is unclear which claims Petitioner intended the Court to consider.  Nor is it clear why, if Petitioner intended the Court to consider only ground one, he would have included the other grounds at all.  Therefore, because of Petitioner's *pro se* status, we consider all three claims below.

at *3 (S.D.N.Y. Aug. 28, 2003). The AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d at 66; *Boyette v. LeFevre*, 246 F.3d at 88 (quoting § 2254(e)(1)) (internal quotations omitted).

The Second Circuit has provided additional guidance concerning application of this test, noting that:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: 1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? 2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? 3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams and Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).

### B. Procedural Default

Federal *habeas* review of a state-court conviction is prohibited if a state court rested its judgment on an "adequate and independent state ground." *Harris v. Reed*, 489 U.S. 255, 261-62 (1989); *Garcia v. Lewis*, 188 F.3d 71, 76 (2d Cir. 1999); *Levine v. Comm'r of Corr. Servs.*, 44 F.3d 121, 126 (2d Cir. 1995). "[T]his rule applies whether the state law ground is substantive or procedural." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (citation omitted). Thus, if the state court "explicitly invokes a state procedural bar rule as a separate basis for decision[,]" the federal court is precluded from considering the merits of federal claims in a *habeas* petition. *Harris v. Reed*, 489 U.S. at 264 n.10.

In the case at bar, Petitioner filed a direct appeal asserting that (1) neither the plea in general nor the specific waiver of Petitioner's right to appeal were knowingly, voluntarily, and intelligently

made; (2) Petitioner's waiver of his right to appeal should not foreclose appellate review because it was against public policy; and (3) the sentence was harsh and excessive. R., Pet'r Br. on Appeal. The Appellate Division, Fourth Department, affirmed the conviction, ruling that Petitioner's waiver of his right to appeal precluded consideration of his claim that the sentence was unduly harsh and excessive, and that while Petitioner's challenge to the adequacy of the plea survived his waiver of his right to appeal, Petitioner had not preserved such contention for appeal. *People v. Braxton*, 778 N.Y.S.2d 342 (N.Y. App. Div., 4th Dep't 2004).

In ruling that Petitioner failed to preserve his involuntary plea claim, the Appellate Division cited to *People v. Badgley*, 778 N.Y.S.2d 140 (N.Y. App. Div., 4th Dep't 2004) and *People v. DeJesus*, 670 N.Y.S.2d 140 (N.Y. App. Div., 4th Dep't 1998), two cases constituting part of the progeny of *People v. Lopez,* 71 N.Y.2d 662, 665 (N.Y. 1988). In *Lopez*, the New York State Court of Appeals noted that pursuant to New York's "contemporaneous objection rule" codified in N.Y. CRIM. PROC. L. ("CPL") § 470.05(2), a trial court must be given an opportunity to correct any errors. The court held that "in order to preserve a challenge to the factual sufficiency of a plea allocution there must have been a motion to withdraw the plea under CPL 220.60(3) or a motion to vacate the judgment of conviction under CPL 440.10." *People v. Lopez,* 71 N.Y.2d at 665 (citations omitted); *see also Snitzel v. Murry*, 371 F. Supp. 2d 295, 300 (W.D.N.Y. 2004) (citing *Lopez*). Although the Appellate Division did not specifically cite to CPL § 470.05(2), § 220.60(3), or §440.10, through its indirect citation to *Lopez*, an explicit invocation of a state procedural bar was made. *Harris v. Reed*, 489 U.S. at 264 n.10; *see also Snitzel v. Murry*, 371 F. Supp. 2d at 301 (Appellate Division's citation to a case which in turn cited other cases that specifically referenced the CPL constituted an explicit invocation of a state procedural bar). Thus, Petitioner's involuntary plea claim was

dismissed on independent and adequate state procedural grounds and is procedurally barred. *See Snitzel v. Murry*, 371 F. Supp.2d at 301 (citing cases).

With respect to Petitioner's claim that his sentence was unduly harsh and excessive, the Appellate Division deemed that contention precluded by his waiver of his right to appeal. Pursuant to New York Criminal Procedure Law, a valid waiver of the right to appeal precludes appellate review of whether a sentence was harsh and excessive when the "sentence imposed did not exceed that which was agreed to by the defendant as a condition of the plea and set forth in the record." CPL § 450.10(1). Such valid waivers constitute an independent and adequate state ground precluding *habeas* relief. *See Garner v. Superintendent of Upstate Corr. Facility*, 2007 WL 2846907, at *17 (N.D.N.Y. Sept. 26, 2007) (waiver of petitioner's right to appeal foreclosed review of his sentence as harsh and excessive) (citing, *inter alia, McClane v. Superintendent,* 2007 WL 295599, at *8 (E.D.N.Y. Jan. 24, 2007)). Because the Appellate Division specifically dismissed Petitioner's challenge to his sentence based on his waiver of the right to appeal, that decision rests upon an independent and adequate state ground and is also procedurally barred. *Coleman v. Thompson*, 501 U.S. at 731.

We may review these procedurally barred claims only if Petitioner demonstrates cause for the default and resulting prejudice, or that the failure of the federal court to review the claims will result in a "fundamental miscarriage of justice," an exception reserved for rare instances such as actual innocence. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Coleman v. Thompson*, 501 U.S. at 748-50. To establish "cause" sufficient to excuse a procedural default, a petitioner must show that some objective external factor impeded his or her ability to comply with the relevant procedural rule. *Coleman v. Thompson*, 501 U.S. at 753, *Restrepo v. Kelly*, 178 F.3d 634, 639 (2d

Cir. 1999). When a petitioner has failed to establish adequate cause for his procedural default, the court need not determine whether he suffered prejudice, since federal *habeas* relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice are demonstrated. *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985); *Long v. Lord*, 2006 WL 1977435, at *6 (N.D.N.Y. Mar. 21, 2006).

Petitioner offers no proof nor argument demonstrating cause for his procedural default, *i.e.*, that he was prevented from filing a § 440 or § 220 motion; nor has he claimed that he was prejudiced by such default. Neither has Petitioner offered any proof or argument of his actual innocence nor any other showing of a potential fundamental miscarriage of justice. *See generally*, Am. Pet. Accordingly, these claims are procedurally defaulted and barred from *habeas* review.

### C. Exhaustion

A state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for *habeas corpus*. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement with respect to a claim, a defendant must "fairly present" that claim to the state courts so that the court has a fair opportunity to consider the claim and to correct that asserted constitutional defect. *Strogov v. Attorney Gen. of the State of New York*, 191 F.3d. 188, 191 (2d Cir. 1999) (citation omitted).

Although Petitioner's involuntary plea and harsh and excessive sentence claims are procedurally barred, Petitioner could arguably still return to state court and collaterally attack the validity of his plea through a § 440 motion. Thus, based on the record before us, his involuntary plea claim is as of yet arguably unexhausted, and we could therefore abstain from considering this claim on jurisdictional grounds as well.

However, under the AEDPA, a federal district court has the authority to deny (but not grant) an unexhausted claim on the merits, rather than require exhaustion. *Turner v. Artuz*, 262 F.3d 118, 122 (2d Cir. 2001) (per curiam) (citing 28 U.S.C. § 2254(b)(2)). While the Second Circuit has not yet articulated the appropriate standard to be utilized in determining whether an unexhausted claim should be denied on the merits, those district courts that have addressed the question appear to utilize two somewhat distinct standards. Some courts have reviewed unexhausted claims to determine if they were "patently frivolous." *See*, *e.g.*, *Acosta v. Couture*, 2003 WL 272052, at *7 (S.D.N.Y. Jan. 23, 2003); *Pacheco v. Artuz*, 193 F. Supp. 2d 756, 761 (S.D.N.Y. 2002); *Hammock v. Walker*, 224 F. Supp. 2d 544, 549 (W.D.N.Y. 2002); *Cruz v. Artuz*, 2002 WL 1359386, at *8 (E.D.N.Y. June 24, 2002). Other courts have chosen instead to analyze the claim to determine if it is "perfectly clear that the petitioner does not raise even a colorable federal claim." *Rosario v. Bennett*, 2002 WL 31852827, at *17 (S.D.N.Y. Dec. 20, 2002) (noting the diverging views on this issue without deciding which standard is appropriate); *see also Lambert v. Blackwell*, 134 F.3d 506, 514-15 (3d Cir. 1997). This Court need not decide which of these alternative tests should be utilized in considering this aspect of the Amended Petition because under either of these standards, Petitioner's involuntary plea claim should be denied.

The record does not support the claim that Braxton's plea was not entered into knowingly, voluntarily, and intelligently. At the plea hearing, the following exchange occurred between the Judge Brunetti and Petitioner:

The Court:   Mr. Braxton, you've heard what's been said as far as the plea bargain in the case. If you enter a plea of guilty to Attempted Burglary in the First Degree, your max – excuse me – your sentence will be a ten-year determinate sentence which means that you have to serve eight years, six months and twenty-nine days before becoming eligible for post release supervision. Post release supervision could last for up to five years. Those are the basic terms

|  |  |
|---|---|
| | of the plea bargain that will cover all charges that are pending and you'd be pleading to what's called a reduced charge. Right now you're charged with a B felony, a Burglary in the First Degree. This will be a reduction to Attempted Burglary in the First Degree, a Class C violent felony offense. Do you have any questions of me about this proposed plea bargain? |
| Mr. Braxton: | No Sir. |
| The Court: | Is that how you wish to resolve the matter today? |
| Mr. Braxton: | Yes. |
| The Court: | Have any other statements or promises been made to you to induce you to plead guilty other than what you've just heard me say? |
| Mr. Braxton: | No. |
| The Court: | Has anybody threatened you to make you plead guilty? |
| The Witness: | No, sir. |
| The Court: | And, go ahead please, and sign the Grand Jury waiver form that's here in Court in the presence of your counsel. |

\* \* \*

|  |  |
|---|---|
| The Court: | All right, Mr. Braxton, in accordance with the terms of the plea bargain then how to [sic] you plead to Attempted Burglary in the First Degree, guilty or not guilty? |
| Mr. Braxton: | Guilty. |
| The Court: | Do you admit that on or about February 7th, 2002, in the City of Syracuse, in Onondaga County, that you knowingly attempted to enter or remain unlawfully in the dwelling of Miss Ray at 209 Hudson Street with the intent to commit a crime therein and while in the immediate flight therefore, that you caused physical injury to Miss Ray who was not a participant in the crime? |
| Mr. Braxton: | Guilty. |

Plea Hr'g Tr. at pp. 6-9.

Petitioner then signed the Grand Jury waiver form, and pleaded guilty to attempted burglary in the first degree. *Id*. at pp. 7-8. Petitioner affirmed that he could read and write English, that he had no physical or mental problems nor had he taken any drugs or medicine that could affect his understanding of the proceedings, and that he had enough time to talk with his lawyer about the case. *Id*. at pp. 9-10. He was further informed by Judge Brunetti of the rights waived by virtue of his plea.

|  |  |
|---|---|
| The Court: | Now, when you plead guilty, you give up a series of rights. The right to a trial by jury before twelve people. Their verdict would have to be unanimous that you are guilty. You would be presumed innocent |

          and have no burden of proof.  It would be up to the District Attorney to prove your guilty beyond a reasonable doubt.  In order for them to do that, they'd have to call in witnesses to support this charge and you, through your lawyer, would have the right to confront and cross-examine, that means to see, hear and question the witnesses.  You'd have the right to call witnesses in your own behalf and you'd have the right to testify if you wanted to but your silence could not be used against you.  By pleading guilty, you waive, that is you give up and will not enjoy any of these rights.  Do you understand that?

Mr. Braxton: Yes. Yes, sir.

The Court: You also understand that a plea of guilty is equivalent to, that means it's the same thing as a conviction after a trial.  Do you understand that?

Mr. Braxton: Yes, sir.

Plea Hr'g Tr. at pp. 10-11.

  The waiver signed by Petitioner and his counsel in open court clearly states that "I further understand that I have the right to appeal from any judgment of conviction or from any sentence under this Superior Court Information.  Upon discussion of this aspect of my case with my attorney, and with a full understanding of the significance of this waiver, I hereby voluntarily waive my right to appeal[.]"  R., App. at A10.

  In exchange for Petitioner's guilty plea, the charges against him were reduced from burglary in the first degree, assault in the second degree, attempted robbery in the second degree, possession of burglary tools, and criminal mischief in the fourth degree, to the single charge of attempted burglary in the first degree.  R., People's Br., at p. 2.  As a discretionary persistent felony offender, Petitioner would have faced a potential minimum sentence of fifteen (15) to twenty-five (25) years imprisonment with a maximum term of life imprisonment had he been convicted on the burglary in the first degree charge at trial.  N.Y. PENAL LAW §§ 70.02(1)(a), 70.10 & 70.00(3)(a)(i).  By pleading, Petitioner reduced his sentence to ten (10) years with up to five (5) years post-release supervision.  Thus, Petitioner brokered and accepted a favorable plea.

In sum, there is no evidence in the record that Petitioner's plea was anything less than knowingly, voluntarily, and intelligently entered into. For these reasons, it is recommended that the Petition be **denied** on that claim.

### C. Waiver of Right to Appeal

Petitioner argued in his direct appeal that the waiver of his right to appeal was against public policy, and therefore should not preclude appellate review of the sufficiency of the plea. The Appellate Division, Fourth Department, did not directly address whether the waiver of his right to appeal should be voided on public policy grounds. *See People v. Braxton*, 778 N.Y.S.2d 342. Petitioner made the same claim in his application for leave to appeal to the Court of Appeals, which was denied without opinion. *People v. Braxton*, 3 N.Y.3d 671 (N.Y. Ct. App. 2004).

"A defendant may execute an appellate waiver as a plea condition, which generally precludes both direct and collateral review." *Vasquez v. Filion*, 210 F. Supp. 2d 194, 199 (E.D.N.Y. 2002) (citing, *inter alia*, *United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir. 1995)). "The waiver is valid if executed voluntarily and intelligently, and with the advice of counsel, and the sentence is within the agreed-upon range." *Id.* (citing *Bello v. People*, 886 F. Supp. 1048, 1054 (W.D.N.Y. 1995)).

In this case, Petitioner asserts that his waiver was "against public policy," though he does not identify the basis for that conclusory assertion. Am. Pet. at Ground One. Petitioner states only that "[i]n open court, the judge admitted his difficulty interpreting the law." *Id*. That statement is an apparent reference to a discussion between the court and counsel at Petitioner's plea hearing concerning whether Petitioner would be considered a "discretionary persistent" or a "mandatory persistent" offender; such distinction would determine the post-release supervision that the judge could set. Plea Hr'g Tr. at pp. 2-4. Judge Brunetti stated that

> [f]or purposes of today's proceeding, I have difficulty interpreting the law so I'm going to say that the post release supervision that's required is five years.  If Mr. McGinty [Petitioner's attorney] can convince me that I have discretion, otherwise we can talk about that at the time of sentencing, but for purposes of the plea parameters and consequences of pleading guilty, that's what I'm going to use.  So it's my understanding that the agreement calls for a plea of guilty to Attempted Burglary First Degree with an agreed upon sentence of a ten-year determinate sentence, up to five years post-release supervision.  Is that correct[?]

Plea Hr'g Tr. at pp. 3-4.

Both the assistant district attorney and Petitioner's attorney responded affirmatively. *Id*. Thus, the record indicates that Judge Brunetti made a decision as to the post-release supervision requirements and then offered Petitioner's counsel the opportunity to challenge that decision at sentencing if he had a basis to do so.  That decision in no way implicates a violation of public policy, nor does it touch the legitimacy of Petitioner's waiver of his right to appeal.

Furthermore, as previously discussed, Petitioner's potential sentence was significantly reduced and there is no evidence on the record that he entered into the plea involuntarily, unknowingly or unintelligently.  *See supra*, Part II.C.

Thus, Petitioner's claim that his waiver of the right to appeal was against public policy should be **dismissed**.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition for a Writ of *Habeas Corpus* be **DENIED**; and it is further

**RECOMMENDED**, that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability should issue with respect to any of Petitioner's claims. *See* 28 U.S.C. § 2253(c)(2)("A

certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:  May 22, 2008
       Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge